<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-5091**

───────────

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

DAVID ALAN HILL,

                Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:10-cr-00013-NCT-1)

───────────

Submitted: July 21, 2011          Decided: July 25, 2011

───────────

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Michael Francis Joseph, Terry Michael Meinecke, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Alan Hill appeals the 162-month sentence imposed following a guilty plea to two counts of robbery affecting interstate commerce and brandishing a firearm during and in relation to robbery. On appeal, Hill's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he concludes that there are no meritorious issues for appeal but questions the substantive reasonableness of the sentence. Hill was informed of his right to file a supplemental pro se brief, but he has failed to file one. We affirm.

Hill contends that the sentencing court made improper inferences from the evidence regarding his susceptible personality when it imposed a sentence at the top of the advisory Sentencing Guidelines range. When reviewing a sentence for substantive reasonableness, we take into account "the totality of the circumstances." Gall v. United States, 552 U.S. 38, 51 (2007). We accord a sentence within a properly-calculated Guidelines range an appellate presumption of reasonableness. See United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008). Such a presumption is rebutted only by showing "that the sentence is unreasonable when measured against the [18 U.S.C.A.] § 3553(a) [(West 2000 & Supp. 2011)] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

2

After reviewing the record, we conclude that the district court properly analyzed the arguments presented by Hill and appropriately imposed a sentence at the top of the Guidelines range. The court considered the mitigating circumstances raised by Hill and rejected the contention that they supported a lower sentence. Moreover, the court noted that, in the absence of Hill's cooperation, the court may have accepted the probation officer's recommendation of an upward variance. Finally, Hill received the sentence which he requested. Taking into account the totality of the circumstances and the court's explicit consideration of Hill's arguments, we can find no abuse of discretion, and so, we conclude that Hill's sentence is substantively reasonable.

In accordance with <u>Anders</u>, we reviewed the entire record in this case and found no meritorious claims. Therefore, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented

in the materials before the court and argument would not aid the decisional process.

AFFIRMED